**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTEN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                 **PLAINTIFF**

**v.**                          **Case No. 5:10-CR-50108-001**

**WILLIAM CANNON**                                                      **DEFENDANT**

<u>**RESPONSE TO DEFENDANT'S BRIEF IN SUPPORT OF
MOTION TO SUPPRESS**</u>

Comes now, the United States of America, by and through the undersigned Assistant

United States Attorney, and responds to Defendant's Motion to Suppress and Brief in Support,

filed March 22, 2011 (Doc. 24). The government states as follows:

<u>FACTS</u>

Defendant William Cannon ("Cannon") is charged with two counts of Production of

Child Pornography in violation of 18 U.S.C. § 2251(a) and (e), five counts of Knowingly

Receiving Visual Depictions of Child Pornography in violation of 18 U.S.C. § 2552(a)(2) and

(b)(1), and one count of Possession of a Computer that Contained Images of Child Pornography

in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

On the morning of Wednesday, July 14, 2010, Fire Marshall Captain Dave Creek was

conducting a routine fire inspection at EZ Credit Auto Sales, located at 2679 N. Thompson in

Springdale, Arkansas when he made contact with Defendant Cannon. According to Creek, he

had searched the entire business except for one room which was locked. Creek asked to go into

the room and was advised that William Cannon, an employee of the business, was currently

renting the room. Creek made contact with Defendant Cannon, who advised Creek "that he could

inspect the room but needed to clean up first." (Application for Search Warrant, p. 4). Creek allowed Defendant Cannon access to the room for that purpose.

After several minutes in the room, Creek could hear the defendant moving objects around in the room just before he was allowed to enter the room. Creek stated that he witnessed pictures of small boys in various stages of undress plastered over the walls of the kitchen and living room area of the space. He also stated that several handmade signs reading, "I kill boys" hung on the walls and nude baby dolls were suspended from the ceiling, upside down in bondage positions. A video camera and tripod were also spotted in the room. Creek promptly exited the room in order to contact police about what he had just viewed. While on the phone, Creek observed the defendant and an employee of the premises removing items from the room, which were carried out the back of the premises. Creek was unsure of which items were removed but he did notice the camera tripod as one of the items. Minutes later, officers from Springdale Police Department arrived on the scene. Among the responding officers, was Detective Al Barrios, who at the time had 16 years of law enforcement experience and who, during his extensive career as both an officer and certified computer forensic examiner, had worked numerous child pornography cases that resulted in both at the State and Federal prosecutions.

Based on witness statements and what was visibly apparent at the scene, officers secured the premises and prepared a search warrant. Specifically, Springdale Detective Darrell Hignite prepared the search warrant, while Detective Barrios continued the investigation. During this time, Defendant Cannon was asked to give a formal statement.  He was provided a ride to the Springdale Police Department, where Detective Barrios formally interviewed him. Before speaking with defendant about the case, the detective advised the defendant that he was not under arrest and that he was free to leave.  In addition, he advised the defendant of his Miranda

rights. While there, the defendant told the Detective that everything in the room was his "art work" and that the images came from an "art book." He stated that the images were meant to be offensive, but not sexual, although he stated that he never showed his "art" to anyone except a few friends.  After the interview, officers provided Cannon a ride back to the scene.

At approximately 2:40 p.m., a search warrant based on probable cause was presented to Circuit Judge Mark Lindsay. At the time, Judge Lindsay had been, and continues to be, a well-respected Circuit Court Judge with years of experience.  In his tenure as a Circuit Court Judge, he has served as the presiding Judge in both civil and criminal cases, as well as, numerous jury trials.   Upon receipt of the search warrant, Detective Barrios was sworn in on the record by Judge Lindsey, who then proceeded to asked follow up questions of the Detective.  Upon the Judge receiving satisfactory answers to his questions, the Judge then signed the warrant acknowledging that in his determination there was probable cause to believe that the subject premises contained evidence of an Arkansas state crime.

After the Judge validated the search warrant, it was immediately executed on the subject premises. During the search, and based on the evidence already turned up, Detective Turnbough at this point formally arrested the defendant on State charges, and again read him his Miranda warnings.  After acknowledging his rights, the defendant waived his right to remain silent and stated that he often goes to the Jones Center and showers there, sometimes in front of minors. While speaking with the officer, the defendant requested to speak with a friend on the scene named Debbie. The officer allowed Cannon to speak with his friend and then had him transported to the Springdale Police Department. Shortly after Cannon was transported to the police department, an employee approached Officer Turnbough and said that Cannon had asked Debbie to get rid of a lap top computer that was in the "showroom" of the business.

Upon completion of the search, officers found within the defendant's room, among other things, numerous images of nude or partially nude children exposing their genitalia, VHS mini videos, diaries in which the defendant describe torturing and raping children, mutilated baby dolls with blood covering them, and signs saying such things as "I eat boys" and "boy killer." Outside the defendant's room, in a totally separate storage room of the business, officers eventually found the computer, which the defendant asked "Debbie" to hide from the police. In addition, and with the consent of the manager, officers searched outside the building for additional evidence that the defendant and his companions might have hidden with no results.

Subsequent analysis of the VHS mini cassettes, revealed video produced by the defendant of minors engaged in sexually explicit conduct. In addition, a forensic examination of the computer found outside the defendant's room revealed numerous photos of minors engaged in sexually explicit conduct.

<u>DISCUSSION</u>

Defendant Cannon asserts, in his motion to suppress, that the search warrant lacked probable cause and therefore, the items seized pursuant to it should be suppressed. Further, the defendant asserts that statements that he made during the execution of the search warrant should be suppressed because they were derived from "an illegal search." The government asserts that there was a substantial basis for the Judge to determine probable cause for the issuance of the search warrant, that the defendant had no subjective expectation of privacy with regard to the laptop found outside his room, that officers relied in 'good faith" on the search warrant signed by a Circuit Court Judge, and that Defendant Cannon was properly informed of his Miranda rights before making any statements to police. Therefore, this Court should deny defendant's motion to suppress for the reasons stated below.

I.      Sufficient probable cause existed to issue a search warrant for the premises

"The Fourth Amendment requires a showing of probable cause before a search warrant may be issued." United States v. Ball, 499 F.3d 890, 895 (8th Cir. 2007). Probable cause to issue a search warrant is determined by the totality of the circumstances and exists when an affidavit in support of the warrant sets forth adequate facts to ascertain that there is a "fair probability that contraband or evidence of criminal activity will be found in a particular place to be searched." Illinois v. Gates, 462 U.S. 213, 238 (1983).  Probable cause means "fair probability" and not certainty or even a preponderance of the evidence.  Gates, 462 U.S. at 246.

Further, the Court has recognized that affidavits "are nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity…have no proper place in this area." Gates, 462 U.S. at 235 (quoting United States v. Ventresca, 380 U.S. 102, 108 (1965)). The Supreme Court has also recognized a preference for police obtaining warrants, rather than conducting warrantless arrests, therefore, "the traditional standard for review of an issuing magistrate's probable-cause determination has been that so long as the magistrate had a substantial basis for concluding that a search would uncover evidence of a wrongdoing, the Fourth Amendment requires no more." Gates, 462 U.S. at 236 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)) (internal quotations omitted).  Moreover, when a case is "doubtful or marginal" probable cause should be determined by the preference to be accorded to warrants. Gates, 462 U.S. at 237, n.10 (quoting United States v. Ventresca, 380 U.S. 102, 108 (1965)).

Defendant contends that the Affidavit in this case should have been rejected by the Honorable Judge Mark Lindsay for lack of probable cause. However, the Affidavit articulated several facts, which taken together, clearly supplies a substantial basis for Judge Lindsay to

determine there was probable cause that there was evidence of a violation of an Arkansas law contained upon the subject premises. That information included:

1. A detailed description of one photo which was representative of the other photos viewed on the premises, including the fact that each picture displayed young boys between the ages of eight and twelve years of age. The specific image being challenged was described as follows: "in the bed room area of the quarters contained several handmade signs that said "boys rock, boy killer I love boys, kill little boys, and boys only." There were several pictures of the boys on the walls. All appeared to be 8 years old and 12 years old….There was one picture located on the South wall of a child appearing to be pre-pubescent with no clothing and exposing a full frontal view of his genital area."

2. A description of the handmade signs and baby dolls was given to provide the reviewing judge with the context of the sexually explicit photos. The signs all referenced young boys and read things like: "boy killer," "I love boys," "kill little boys," and "boys only."

3. The condition of the premises when officers arrived, specifically that the defendant attempted to remove some of the photos from the walls in an attempt to conceal them from the police.

4. Captain Creek's observations of the room with images of nude minors, and the other surrounding evidence such as the signs and dolls. In addition, Creek's account of the defendant and a business associate attempting to remove items from the room before the police arrived.

5. The presence of a video camera, and tripod, which were removed by the defendant before the police arrived, indicating that the defendant intended to conceal these items from police.

6. The affidavit adequately described the offenses for which evidence was to be collected, specifically Arkansas Code Annotated § 5-27-304 (Pandering or Possessing Visual or Print Medium Depicting Sexually Explicit Conduct Involving a Child) and § 5-27-403 (Producing, Directing or Promoting Sexual Performance).

In addition, and within this section, the Defendant argues (on page 10 and 11 of the Brief in Support of his motion to suppress) that the Affidavit failed to establish a number of things, such as that he was a "pedophile or child pornographer" or "that it is illegal to possess a video camera or tripod." But such information need not be established; only probable cause of such activity occurring on the premises to be searched is required. The defendant further asserts that the "Affidavit failed to establish that this image was ever reviewed by a qualified magistrate and determined to be child pornography as defined by 18 U.S.C. § 2256." Yet again, the images need not be viewed by a magistrate to determine whether the images were in fact child pornography. See United States v. Chroback, 289 F.3d 1043, 1045 (8th Cir. 2002).

A. The Affidavit provides an adequate description of the photos to constitute probable cause

Defendant Cannon asserts that the Affidavit did not provide any detailed descriptions of the pictures on his walls "which would enlighten the reader as to the exact contents of the pictures nor were any actual photographs appended thereto." However, the description of one image is given which appears to be representative of the other images viewed on the premises.

According to the Affidavit, officers viewed "one picture located on the South wall of a child appearing to be pre-pubescent with no clothing and exposing a full frontal view of his genital area." The Affidavit further described other images in less detail: "There were several pictures of boys on the walls. All appeared to be between 8 years old and 12 years old" and "The detectives noted that the first room was covered with pictures of a small boy that appeared to be of a child actor."

The defendant complains that the picture, which was described in detail, fails to meet the statutory definition under the Arkansas statute of a "lewd exhibition of the genitals." Arkansas Code Annotated, Section 5-27-304, makes it a felony offense to be in possession of matter depicting sexually explicit conduct involving a child. Further, Code Annotated, Section 5-27-401(4)(F), defense sexually explicit conduct to include "Lewd exhibition of the genitals or pubic area." This term "lewd" has been held by the Arkansas Supreme Court, as "lewd is a common word with an ordinary meaning. (internal citation omitted) *Blacks Law Dictionary* defines "lewd" as "obscene or indecent; tending to moral impurity or wantonness." <u>George v State</u>, 358 Ark. 269, 280 (2004). In <u>George</u>, the Arkansas Supreme Court interpreting the Arkansas definition of sexually explicit conduct held that photographs possessed by the defendant showing bare breasts of 14 year-old girls, constituted a "lewd exhibition" and therefore constituted images of sexually explicit conduct." <u>Id</u> at 28.

At present, the defense is arguing that the description of the picture in question fails to meet what is required by probable cause. However, the defense fails to understand that the probable cause was for an Arkansas offense, namely Arkansas Code Annotated, Section 5-27-304. Based on the above case law, Arkansas clearly applies a broader definition of sexually

explicit conduct than what is considered under the federal definition. As such, the picture in question clearly was described so that a magistrate could find probable cause.

Moreover, even when applying, in what was cited by the defendant as the six criteria under which sexually explicit conduct is analyzed in United States v. Dost, the photo described by the Affidavit meets three of this criterion, such as "whether the focal point of the visual depiction is on the child's genitalia or pubic area…whether the child is fully or partially clothed, or nude…[and] whether the visual depiction is intended or designed to elicit a sexual response in the viewer." Dost, 636 F.Supp. at 832. The Court goes on to say that when determining whether the photo is a "lascivious exhibition of the genitals" it must examine the "combined effect of the setting, attire, pose and emphasis on the genitals is designed to elicit a sexual response in the viewer, albeit perhaps not the 'average viewer,' but perhaps in the pedophile viewer." Id.  It is the response that Defendant Cannon had to the photos which is relevant, not the response of the average viewer. Therefore, the descriptions provided in the Affidavit were more than sufficient to establish probable cause to execute a search warrant in this case.

B.  Defendant Cannon contends that the description of the photo in his room was "simply a full frontal nude picture of a prepubescent male and is not sexually suggestive"

As stated previously, a photo may be considered a "lascivious exhibition of the genitals" suitable to warrant probable cause when "the focal point of the visual depiction is on the child's genitalia or pubic area…." Dost, 636 F.Supp. at 832. Further, the Affidavit described the picture and did not make a conclusory statement about the photo, such as "a prepubescent boy lasciviously displaying his genitals" as was the case in United States v. Brunette, which the defendant relies so heavily upon. 256 F.3d 14 (1st Cir. 2001). The defendant further mentions that the Affidavit was not reviewed by a prosecutor before the warrant was signed, however that

is the purpose of having a warrant reviewed by a "neutral and detached magistrate" before the warrant is executed. Despite Defendant's assertions, the detailed description of the photo, combined with other information in the Affidavit, was sufficient to constitute probable cause of an Arkansas crime.

C.   Agents did not intentionally mislead or omit information in the Affidavit in order to obtain a search warrant

Defendant suggests that law enforcement officers "intentionally mis-described the nature of the single picture identified by the Affidavit," failed to seek "legal advice" about the crimes which were alleged in the affidavit and failed to advise the Honorable Judge Lindsay about the source of the photo. However, during the initial interview conducted with Defendant Cannon, he told officers that the photos were "copied from art books" and did not reveal the exact source of the photo as suggested by the defendant. In addition he said they were meant to be offensive but not sexual. Further, Defendant Cannon also attempts to educate the Court on the life and criminal involvement of the "artist" who photographed some of the photos found in the Defendant's room. This digression by the defendant serves to distract the Court from the facts at hand. Although some of the photos in Defendant Cannon's room would not be described as child pornography, but the only requirement is probable cause of evidence of a crime. This does not mandate that everything in the room must have been illegal to possess in order for the search warrant to be valid. In addition, and what the defendant didn't take into account is that the Detective, who submitted the warrant didn't believe the defendant when he said they were not sexual given the context of the room. Also, just because the defendant says he got them from an "art book" doesn't mean they are not child pornography. It is for a Judge to determine if something is child pornography based on the legal standard of the particular jurisdiction.

Furthermore, a photo of a nude child can be made into pornography, provided the context (such as signs saying love boys and kill boys) and emphasis on the genitals.

Defendant Cannon also contends that the officers included information about the camera and the tripod in order to "mislead the judge." However, the observation of the camera and tripod were relevant to the judge's determination of probable cause because these pieces of equipment may have been used to produce some of the images in question and therefore, aided the judge in making a probable cause determination.

D.  Defendant Cannon asserts that the description of the photos in the Affidavit failed to meet the statutory definitions for the crimes detailed in the Affidavit

The defendant alleges that the basis for probable cause in the Affidavit was the "sole picture" and that this picture "completely failed to meet the statutory definition" of the statutes outlined in the Affidavit. Despite his contentions, Defendant Cannon is well aware that probable cause must be based on the "totality of the circumstances" and that the photo in question was not the "sole" basis for a probable cause determination in this case. Gates, 462 U.S. at 238. Further, according to the Eighth Circuit, "It is not necessary for an affidavit to include the name of the specific crime alleged....Rather, only a probability of criminal conduct need be shown." United States v. Summage, 481 F.3d 1075, 1078 (8th Cir. 2007).

E.  Information about the pictures, signs, video camera and tripod were included in the Affidavit to help the judge make a probable cause determination, not to "elicit an emotional reaction" by the judge

According to the defendant, information about the pictures, handmade signs, video camera and tripod were included for "the sole purpose of eliciting an emotional reaction by the

reader…." However, officers included such information to support a showing of probable cause and not to elicit an emotional response. The Supreme Court has recognized that innocent behavior may provide the basis for a showing of probable cause for the issuance of a search warrant because that behavior may become suspicious in light of other facts and circumstances surrounding the behavior. Gates, 462 U.S. at 245. The video camera and tripod, although innocent at first glance, may have been used to film child pornography. The handwritten signs, although not illegal themselves, expressed criminal intentions by Cannon to harm and perhaps sexually abuse young boys. Therefore, any seemingly innocent objects discussed in the Affidavit, taken with other evidence or information may be helpful in determining probable cause in examining "the totality of the circumstances" and certainly aided the establishment of probable cause in this case.

F.   As defendant correctly asserts, it is not illegal to possess a video camera or tripod

Defendant asserts that video equipment is not illegal to possess and that the information about the video equipment was placed in the Affidavit to mislead the judge who reviewed it. Defendant Cannon asserts that during the initial search, law enforcement officers did not observe a "staging or model area" and therefore, their assumptions that the video equipment was used to produce child pornography were unfounded. However, the police need not find child pornography in a specific format in order to justify searching other items in the home for evidence of the same or similar conduct. In United States v. Alexander, the Eighth Circuit affirmed the district court's denial of a motion to suppress when the search warrant permitted officers to search computer equipment and other digital devices even though the initial search only revealed child pornography on a VHS tape. 574 F.3d 484, 490 (8th Cir. 2009). "Given the surrounding circumstances, it was a fair inference that illicit recordings of people in a state of

nudity or sexual activity would be found stored on digital devices, including the computer where evidence of child pornography was discovered." <u>Alexander</u>, 574 F.3d at 490. According to the defendant, the Affidavit was silent on the absence of lighting that was necessary for filming which detracted from the credibility of the search warrant.

Further, Defendant Cannon states that the Affidavit contains a "misrepresentation of Capt. Creek's actual written statement." According to the defendant, Captain Creek observed a "camera tripod" and not a "camera and a tripod" and therefore, it is unknown whether the camera was actually present in the room upon arrival of Springdale Police. However, a reasonable inference can be made, given the surrounding circumstances, that the presence of a camera tripod implied the presence of a camera nearby. It is highly unlikely that a person would own a camera tripod and not the camera for which it was made, despite the opposite being true. Therefore, whether Captain Creek actually observed the camera is irrelevant because the camera tripod, taken together with the surrounding circumstances, was enough to establish probable cause to search the premises for evidence related to child pornography.

G.  <u>Defendant asserts that evidence obtained during the search is not illegal because it is intended to be offense and an artistic expression</u>

According to Defendant Cannon, the "unusual décor" in his room is intended to be offensive and is artistic in nature, and therefore, is not illegal. "In any event, merely identifying an alternative, non-criminal explanation for the information in a warrant is not sufficient to render it defective, unless that explanation eliminates the fair probability that evidence of criminal activity will be found at the described location." <u>United States v. Mutschelknaus</u>, 592 F.3d 826, 829 (8th Cir. 2010); See <u>United States v. Robertson</u>, 39 F.3d 891, 894 (8th Cir. 1994). For illustrative purposes, Defendant Cannon offers a sculpture in front of a high rise

condominium in Manhattan, which "depicts depressed, underprivileged black women" and has caused some individuals to be offended. Despite his assertions, the pictures found in Defendant Cannon's apartment were illegal and in no way compare to a sculpture displayed in the streets of New York.  Moreover, the defendant himself told law enforcement that he does not let many people into his room, clearly expressing his awareness that the images would not be viewed by others in a favorable manner.

Once again, the defendant accuses officers of intentionally providing misleading information in the Affidavit to support the existence of probable cause. Defendant claims that although the décor was "shocking," it cannot be inferred that he was involved in the production of child pornography. The government agrees that "shocking décor" itself does not provide a foundation for probable cause, but it is the "totality of the circumstances" including the décor which provided a substantial basis for probable cause to issue a search warrant in this case.

H.  Images of child pornography need not be reviewed by a magistrate in order to be determined to be child pornography as defined by 18 U.S.C. § 2256

Defendant asserts that the Affidavit failed to establish that the images were ever "reviewed by a qualified magistrate and determined to be child pornography as defined by 18 U.S.C. § 2256." As stated previously, images need not be viewed by a magistrate to determine whether the images were in fact child pornography. See United States v. Chroback, 289 F.3d 1043, 1045 (8th Cir. 2002). Defendant Cannon's argument fails to establish that probable cause was not present in the Affidavit since the images need not be viewed by a magistrate.

I.   <u>The Affidavit need not establish that the defendant is a pedophile or child pornographer in order to provide sufficient probable cause to issue a search warrant</u>

Defendant Cannon focuses on the evidence that was not found by police in order to support his argument that probable cause was not present. Accordingly, Defendant Cannon says that officers did not find a "mail cover" for child pornography, that there was no surveillance of the defendant, that officers did not find any emails, that defendant was not enticed by a fake solicitation and so on. The court need not find that the defendant was a pedophile or child pornographer, but only that the "affidavit establishes probable cause for a warrant if it sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in a particular place to be searched." <u>United States v. Mutschelknaus</u>, 592 F.3d 826, 828 (8th Cir. 2010). To establish probable cause, the reviewing judge must examine what is in the Affidavit and evidence not found by police is not relevant to determination of probable cause. Therefore, Defendant Cannon's recitation of evidence not included in the Affidavit is wholly irrelevant and serves to distract this Court. Based on the information that was included in the Affidavit, probable cause was present to issue a search warrant.

J.   <u>If this Court finds that probable cause to issue the search warrant did not exist, then the Good-Faith Exception shall apply</u>

The information contained in the Affidavit was sufficient to support a probable cause determination. However, if this Court is inclined to disagree, then the evidence seized should not be suppressed because the officers acted in good faith in relying on the issuance of the search warrant. In <u>United States v. Leon,</u> the Supreme Court considered whether the Fourth Amendment exclusionary rule should be modified so as to not bar evidence obtained by officers acting in

reasonable reliance on a search warrant issued by a neutral and detached magistrate, but ultimately found not to be supported by probable cause. 468 U.S. 897 (1984). The <u>Leon</u> Court ultimately ruled that, "suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." <u>Id</u> at 926. "Because the disputed evidence was seized pursuant to a warrant, it will not be excluded, even if a reviewing court determines that the supporting affidavit failed to establish probable cause, as long as the executing officers relied in objectively reasonable good faith upon the warrant." <u>United States v. Vinson</u>, 414 F.3d 924, 930 (8th Cir. 2005), quoting <u>United States v. Leon</u>, 468 U.S. 897, 922 (1984).

There are four situations where the good-faith exception to the warrant requirement does not apply. Those situations are (1) if the magistrate or judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate "wholly abandoned his judicial role" when issuing the warrant; (3) when the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is "facially deficient – i.e., in failing to particularize the place to be searched or things to be seized – that the executing officers cannot reasonably presume it to be valid." <u>Leon</u>, 468 U.S. at 923.

Defendant Cannon asserts that probable cause was woefully lacking. According to Cannon, the Circuit Judge could not have made a neutral and detached assessment of probable cause because the affidavit contained mostly "boilerplate" language. Although the Affidavit did contain some general information (which is common to both the State and Federal warrants) about the background of the law enforcement agents, other information in the Affidavit was sufficient to support a probable cause determination. Specifically, the Affidavit described the

place to be searched and the items to be seized. Further, it described the images located on the walls, the fact that the defendant was heard moving objects around before allowing access to the fire marshal, that the defendant was seen removing items from the room before police arrived, the nature of the hand-made signs that were hung throughout the room and other information that when taken together constituted probable cause.

Defendant Cannon also asserts that Judge Lindsay acted as a "rubber stamp" for the Affidavit. According to the defendant, "the Circuit Judge gave little, if any, consideration to the actual contents of the Affidavit and its attachment, wholly abandoning his judicial role and duty as a disinterested magistrate." However, Judge Lindsay did question the affiants on some of the information in the Affidavit as exhibited by the transcript. Judge Lindsay did not simply read the Affidavit and sign it. Once again, Defendant Cannon mentions that Judge Lindsay, nor any other judge, viewed the images. And as previously mentioned, the Affidavit need only describe the images in order for probable cause to be discerned. Defendant relies on a First Circuit decision to illustrate his point, but the Court only says that "[i]deally, copies of such images will be included in all search warrant applications seeking evidence of child pornography crimes." United States v. Brunette, 256 F.3d 14, 20 (1st Cir. 2001). This case in no way supports Defendant's argument that a judge must view the images. Therefore, Defendant's argument that probable cause did not exist because the Judge did not ask to view the pictures is without merit.

Additionally, the defendant argues that officers unreasonably relied on the warrant. For this assertion, Defendant Cannon relies on a drug case which in no way relates to the probable cause determination made in a child pornography case.

Finally, Defendant Cannon implies that officers intentionally misled Judge Lindsay in order to obtain the warrant. Defendant Cannon claims that officers knew the source of the

detailed photo and failed to disclose it. However, there is no indication of this in the police report. It is true that defendant told police that he copied the photo from an art book, but there is no indication as to what book he copied the picture from or whether he was telling the truth to officers when he made the statement. The officers acted reasonably in omitting this information from the Affidavit because the image aided in the probable cause determination and its source is entirely irrelevant. Moreover, a non-criminal explanation for the photographs does not necessarily dissipate the existence of probable cause. Mutschelknaus, 592 F.3d at 829. Therefore, the information about the source of a photograph is not relevant for probable cause purposes and Defendant's argument is again, without merit.

      K.   The defendant had no legitimate expectation of privacy with respect to the computer

Defendant asserts that "no computer equipment was identified as being present at the residence to be searched" to bolster his argument that the Affidavit did not meet rigid statutory definitions (which incidentally, the Eighth Circuit does not require). However, he omits the fact that computer equipment was not found in the room during the search because he, along with one of his co-workers, removed not one, but two laptops before police arrived. Consequently, the computer that was found during the search is not subject to suppression. Essentially, the Fourth Amendment "protects the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures" U.S. Const. amend. IV. However, fourth amendment rights "are personal and cannot be asserted vicariously. " United States v Green, 275 F 3d 694, 698 (8th Cir. 2001). Therefore, the defendant can only challenge the seizure of the computer based on an invalid search, if he had a legitimate expectation of privacy. "An expectation of privacy in a commercial premises…is different from, and indeed less than, a

similar expectation in an individual's home." <u>United States v Perry</u>, 548 F.3d 688, 691(8th Cir. 2008) (quoting <u>New York v. Burger</u>, 482 U.S. 691 (1987)).

Because the defendant, in an effort to conceal his computer from the police, placed the computer outside his rented space, thereby allowing access to employees and managers, he lost any legitimate expectation of privacy. It was the employees that told the police that he asked them to dispose of the computer, and therefore was rightfully confiscated as evidence. In addition, the photos observed on the walls of the area to be searched, combined with the video camera, tripod and other information known to police at the time of their initial entry, provided enough probable cause to execute the search warrant in this case.

## II.   Statements made by the Defendant should not be suppressed

Defendant also asserts that any statements he made during the execution of the search warrant should be considered "fruit of the poisonous tree" and therefore should be excluded. However, when Defendant Cannon was taken into custody, officers from Springdale Police Department gave the defendant proper *Miranda* warnings as required by <u>Miranda v. Arizona</u>, 384 U.S. 436 (1996). According to <u>Miranda</u>, "[a]t the outset, if a person in custody is to be subjected to interrogation, he must first be informed in a clear and unequivocal terms that he has the right to remain silent…." <u>Id</u> at 468. "The warning of the right to remain silent must be accompanied by the explanation that anything said can be used against the individual in court." <u>Id</u> at 469. *Miranda* warnings must be given to anyone in police custody, no matter how minor the crime. See <u>Berkemer v. McCarty</u>, 468 U.S. 420 (1984).

In the present case, Springdale Police took the appropriate steps to secure the premises, acquire a search warrant, and take the defendant into custody immediately prior to the search.

19

Officers also informed Defendant Cannon of his *Miranda* rights momentarily after placing him in handcuffs and leading him into the backseat of the squad car. In addition, he was read his right a subsequent time at the Springdale Police Station before his formal interview. Therefore, Defendant Cannon's claim that his statements were considered "fruit of the poisonous tree" is misplaced and the statements shall remain admissible at trial.

III.    Conclusion

For the previously stated reasons, this Court shall respectfully deny the motion to suppress of Defendant Cannon because probable cause existed to obtain a search warrant based on Arkansas law, the defendant had no legitimate expectation of privacy with respect to his laptop computer, the officers acted in good faith when they relied upon the warrant, and statements made by the defendant were made after an appropriate explanation of the defendant's *Miranda* rights contemporaneous with his arrest.

Respectfully submitted,

Conner Eldridge,
UNITED STATES ATTORNEY

By:    */s/  Dustin S. Roberts*

Dustin Roberts
Assistant U. S. Attorney
Arkansas Bar No. 2005185
P. O. Box 1524
Fort Smith,  AR  72902
Phone: (479)783-5125;  Fax: 441-0578

## **CERTIFICATE OF SERVICE**

I, Dustin Roberts, Assistant U. S. Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed on March 30, 2011 with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

James Pierce
Assistant Federal Public Defender

*/s/  Dustin S. Roberts*
Dustin Roberts, AUSA