

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 5:10CR50108-001 |
| ) | |
| WILLIAM CANNON ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

### COUNTS OF CONVICTION AND DISMISSAL

1. The defendant, William Cannon, hereby agrees to plead guilty to Counts 1 and 2 of the Indictment, charging the defendant with using, persuading, inducing, enticing and coercing a minor to engage in sexually explicit conduct as that term is defined in Title 18, United States Code, Section 2256, for the purpose of producing a visual depiction of such conduct, and that visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce buy any means; all in violation of Title 18, United States Code, Sections 2251(a) and (e); AND Counts 3 and 4 of the Indictment charging the defendant with knowingly received child pornography as defined in Title 18 U.S.C. § 2252A(a)(2) that had been mailed and shipped and transported in interstate and foreign commerce by any means and the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct as defined in Title 18 U.S.C. § 2256, all in violation of Title 18 U.S.C. §§ 2252A(a)(2) and (b)(1); If the court accepts

1

this plea agreement, once the court has pronounced sentence, the Government will move to dismiss counts 5 through 8 of the Indictment.

## CONDITIONAL PLEA

2.   The parties agree that the defendant's entry of a guilty plea to with respect to Counts 1 through 4 of the Indictment is made pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure. The defendant hereby reserves the right to appeal the denial of the defendant's Motion to Suppress Evidence. If the defendant prevails on appeal, the defendant shall be allowed to withdraw this plea of guilty.

## ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA(S)

3.   The defendant has fully discussed with defense counsel the facts of this case and the elements of the crime(s) to which the defendant is pleading guilty. The defendant has committed each of the elements of the crime(s) to which the defendant is pleading guilty, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

a.   On July 14, 2010, Springdale Police Department (SPD) Officers were dispatched to the EZ Credit Auto Sales located at 2679 N. Thompson Ave in the city of Springdale, which is located within the Western District of Arkansas, in reference to a call involving a possible "child pornography operation." Upon arrival, SPD Officers were contacted by Springdale Fire Department Captain David Creek, who informed them that he was in the process of doing a fire inspection of the property. Capt. Creek relayed that during his inspection, he came to a locked door located in the business, which the manager of the business refereed to as "Billy's Room." After waiting for the defendant to arrive, and then allowing the defendant time inside the room alone, Capt. Creek

2

explained that he was finally admitted into the room to continue his inspection. Upon entry into the rooms to complete the fire inspection, Capt. Creek reported that he discovered several pictures of nude/partially nude adolescent boys hanging on the walls like wallpaper, along with other overtly sexual hand-made signs and objects.

      b.     The subsequent SPD investigation resulted in the execution of a search warrant at EZ Credit Auto Sales. Pursuant to the search warrant, SPD seized an Asus netbook computer, several media storage devices including a JVC mini-DV cassette, children's clothing, the defendant's journals, and miscellaneous documents. SPD Officers also discovered several toy dolls in various forms of bondage hung throughout the room in question. Additionally, officers found hand made posters and signs depicting messages such as "boy sex", "kill little boys" and "I eat boys" hung throughout the rooms.

      c.     After completion of the search warrant, the defendant was placed under arrest on state charges of possession of child pornography. During a post-Miranda interview, the defendant stated that he was the only person who had access to this room, that he hung the nude/partially nude images of children in this room, and that these images were works of art that he had produced. Further, he acknowledged ownership of all the contents of the room and told police that there was possibly child pornography on his computer. Lastly, during a subsequent post-Miranda statement, the defendant acknowledged filming and producing the videos of the minor female discovered in his belongings during the execution of the search warrant.

      d.     Count 1 of the Indictment is an approximately 19 minute video produced by the defendant of a 17 year old female engaged in sexually explicit activity, as that term is defined by 18 United States Code, Section 2256. On November 16, 2005, at approximately 12:58AM, the

3

defendant, using a digital video camera that recorded onto a JVC brand mini-DV cassette, filmed a 17 year old female, exposing her breast and vagina, simulating sexual acts with a dildo, and engaging in sexual contact with an adult. Further, this video was taken by the defendant, while in city of Springdale, located in the Western District of Arkansas. Lastly, the video clip of the 17 year old female was produced using materials that were manufactured outside the state of Arkansas, and therefore traveled in interstate and foreign commerce.

  e. Count 2 of the Indictment is an approximately 1 minute video produced by the defendant of a 17 year old female engaged in sexually explicit activity as that term is defined by 18 United States Code, Section 2256. On November 16, 2005, the defendant, using a digital video camera that recorded onto a JVC brand mini-DV cassette time stamped 8:41AM, filmed a 17 year old female, fully nude laying on a bed. The focal point of the camera shots were of the minors nude buttocks and vagina. Furthermore, the minor engaged in sexual acts with the defendant while on camera. This video was taken by the defendant, while in city of Springdale, located in the Western District of Arkansas. Lastly, the video clip of the 17 year old female was produced using materials that were manufactured outside the state of Arkansas, and therefore traveled in interstate and foreign commerce.

  f. The image described in Count 3 of the Indictment, namely "f2.jpg," depicts an approximately 12 year old female being vaginally penetrated by an adult male. This image, which constitutes child pornography under federal law, was received by the defendant on June 13, 2010, in Springdale located in the Western District of Arkansas. Furthermore, the image was transmitted in interstate commerce via the internet.

  g. The image described in Count 4 of the Indictment, namely "12000000.jpg," depicts

4

an approximately 10 year old nude female being vaginally penetrated by an adult male. This image, which constitutes child pornography under federal law, was received by the defendant on May 30, 2010, in Springdale located in the Western District of Arkansas. Furthermore, the image was transmitted in interstate commerce via the internet.

## ADVICE OF RIGHTS

4. The defendant hereby acknowledges that he/she has been advised of and fully understands the following constitutional and statutory rights:

   a. to have an attorney and if the defendant cannot afford an attorney, to have one provided to him/her and paid for at government expense;
   b. to persist in his/her plea of not guilty;
   c. to have a speedy and public trial by jury;
   d. to be presumed innocent until proven guilty beyond a reasonable doubt;
   e. to confront and examine witnesses who testify against him/her;
   f. to call witnesses on his/her behalf;
   g. to choose to testify or not testify and that no one could force the defendant to testify; and,
   h. to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

5. The defendant hereby acknowledges that he/she understands with respect to each count to which he/she pleads guilty, he/she thereby <u>WAIVES</u> all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

6. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of

1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

7.     The defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

8.     The defendant agrees that if after signing this plea agreement the defendant commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, intentionally incomplete, or intentionally untruthful, or if the defendant violates any term of this plea agreement, takes a position at sentencing which is contrary to the terms of this plea agreement or attempts to withdraw from this plea agreement, this shall constitute a breach of this plea agreement which shall release the United States from any and all restrictions or obligations placed upon it under the terms of this agreement and the United States shall be free to reinstate dismissed charges or pursue additional charges against the defendant. The defendant shall, however, remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty unless permitted to do so by the court.

9.     The defendant further agrees that a breach of any provisions of this plea agreement shall operate as a WAIVER of defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence and the government shall be allowed to use and to introduce into evidence any one or more of the following:

  a.     admissions against interest, both oral and written, made by the defendant to

|     |                                                                                                 |
|-----|-------------------------------------------------------------------------------------------------|
|     | any person;                                                                                     |
| b.  | statements made by the defendant during his change of plea hearing;                             |
| c.  | the factual basis set forth in the plea agreement;                                              |
| d.  | any testimony given under oath in these proceedings or to a grand jury or a petit jury;         |
| e.  | any and all physical evidence of any kind which the defendant has provided to the government; and, |
| f.  | any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers. |

## MAXIMUM PENALTIES

10. The defendant hereby acknowledges that he/she has been advised of the maximum penalties for each count to which he/she is pleading guilty. By entering a plea of guilty to Counts 1 through 4 of the Indictment, the defendant agrees that he faces:

As to Counts 1 and 2

- a. a maximum term of imprisonment for 30 years;
- b. a mandatory minimum term of imprisonment for 15 years;
- c. a maximum fine of $250,000;
- d. both imprisonment and fine;
- e. a term of supervised release for any term of years not less than five or life pursuant to 18 U.S.C. § 3583(k) which begins after release from prison;
- f. a possibility of going back to prison if the defendant violates the conditions of supervised release;
- g. a special assessment of $100.00 for each count of conviction;
- h. restitution as ordered by the court.

As to Counts 3 and 4

- a  maximum term of imprisonment for 20 years;
- b. a mandatory minimum term of imprisonment for 5 years;
- c. a maximum fine of $250,000;
- d. both imprisonment and fine;
- e. a term of supervised release for any term of years not less than five or life pursuant to 18 U.S.C. § 3583(k) which begins after release from prison;
- f. a possibility of going back to prison if the defendant violates the conditions of supervised release;
- g. a special assessment of $100.00 for each count of conviction;
- h. restitution as ordered by the court.

## CONDITIONS OF SUPERVISED RELEASE

11.  The Defendant acknowledges that if a term a supervised release is imposed as part of the sentence, the defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the court. The standard conditions of supervised release are as follows:

   a.  The defendant shall not leave the judicial district without the permission of the court or probation officer.
   b.  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
   c.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
   d.  The defendant shall support his or her dependents and meet other family responsibilities.
   e.  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
   f.  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
   g.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
   h.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
   I.  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
   j.  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
   k.  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
   l.  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court, and
   m.  The defendant shall -- as directed by the probation officer -- notify third parties of risks that may be occasioned by the defendant's criminal record or

personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## DEFENDANT'S ACKNOWLEDGMENT OF REQUIREMENT TO REGISTER AS A SEX OFFENDER

12. I understand and acknowledge that I have been advised and understand that under the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901, et seq., I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or student, among other information. I further understand that the requirement to keep the registration current includes informing the jurisdiction where I reside, am employed or attend school no later than three business days after any change of my name, residence, employment or student status. I have been advised and understand that failure to comply with these obligations subjects me to prosecution for failure to register under federal law in violation of Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment or both.

## RESTITUTION

13. The Court can order the defendant to pay restitution for the full loss caused by his conduct set forth above. The defendant agrees the Court's consideration of the amount of restitution shall **NOT** be limited to the amounts alleged in the count(s) to which the defendant is pleading guilty pursuant to Title 18, U.S.C. § 3663. The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

14. The defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The defendant further agrees that any restitution collected and/or distributed will survive the defendant, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

## AGREEMENT TO PROVIDE FINANCIAL INFORMATION

15. Defendant agrees that no later than forty-five (45) days before the date set for sentencing, the defendant shall provide to the United States Probation Office a financial disclosure form -- sworn by defendant to be true and correct under penalty of perjury– listing all his/her assets and financial interests valued at more than $1,000. Defendant understands that these assets and financial interests include all assets and financial interests in which defendant has an interest or had an interest prior to the defendant's arrest or Indictment, direct or indirect, whether held in defendant's own name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since the defendant's arrest or Indictment, including the location of the assets and the identity of the third party(ies).

## NO OTHER CHARGES

16. The government agrees that no other federal charges, which stem from the activities described in the Indictment, will be brought against the defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

17.     The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the defendant to any reasonable sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

18.     The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the district court. Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty.

## RELEVANT CONDUCT CONSIDERED

19.     At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

20.     In the event that it is determined that the defendant has not been truthful with the

court as to any statements made while under oath, this plea agreement shall not be construed to protect the defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE GOVERNMENT

21. The government agrees not to object to a recommendation by the probation office or a ruling of the court which awards the defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater and the court accepts a recommendation in the Presentence Report that defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the Government will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this agreement, b) falsely denies additional relevant conduct in the offense, c) is untruthful with the Government, the Court or probation officer, or d) materially breaches this plea agreement in any way.

## GOVERNMENT'S RESERVATION OF RIGHTS

22. Although the government agrees not to object to certain findings by the probation office or to rulings of the court, it reserves the right to:

   a. make all facts known to the probation office and to the court;
   b. call witnesses and introduce evidence in support of the Presentence Report;
   c. contest and appeal any finding of fact or application of the Sentencing Guidelines;
   d. contest and appeal any departure from the appropriate Guideline range; and,
   e. defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the government in this plea agreement which are favorable to the defendant.

12

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

23.  The government's concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the court should reject the defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the defendant acknowledges that there is no right to withdraw the guilty plea.

## DISMISSAL OF COUNTS

24.  The government's agreement to dismiss certain count of the Indictment is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. As a result, if the court should reject the government's motion to dismiss the agreed count of the Indictment, the defendant shall be afforded the right to withdraw his plea pursuant to Rule 11(c)(5)(B) of the Federal Rules of Criminal Procedure.

## AGREEMENT NOT BINDING ON THE COURT

25.  The parties agree that nothing in this agreement binds the district court to:

   a.  make any specific finding of fact;
   b.  make any particular application of the Sentencing Guidelines;
   c.  hand down any specific sentence;
   d.  accept any stipulation of the parties as contained in this plea agreement; and,
   e.  accept this plea agreement.

26.  The government and the defendant acknowledge that the court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

27.  The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESSMENT

28. The defendant agrees to pay $400 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT

29. By signing this plea agreement, the defendant acknowledges that:

    a. The defendant has read this agreement (or has had this agreement read to him/her) and has carefully reviewed every part of it with defense counsel.
    b. The defendant fully understands this plea agreement and is not under the influence of anything that could impede the defendant's ability to fully understand this plea agreement.
    c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement.
    d. The defendant is satisfied with the legal services provided by defense counsel in connection with this plea agreement and matters related to it.
    e. The defendant has entered into this plea agreement freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or anyone connected with the defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

30. By signing this plea agreement, counsel for the defendant acknowledges that:

    a. Counsel has carefully reviewed every part of this agreement with the defendant and this agreement accurately and completely sets forth the entire agreement between the United States and the defendant.
    b. Counsel has explained the ramifications of the plea agreement to the defendant, and believes that the defendant understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.
    c. Counsel believes that the defendant's decision to enter into this agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

31.     The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change his plea to guilty.

Dated this 29 day of June, 2011.

_____
William Cannon
Defendant

_____
James Pierce
Attorney for Defendant

CONNER ELDRIDGE
UNITED STATES ATTORNEY

By: _____
DUSTIN ROBERTS
Assistant U.S. Attorney

15