IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 5:10 CR50108-001 |
| | ) | |
| WILLIAM CANNON | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM ADDRESSING THE GROUPING OF PRODUCTION OF CHILD PORNOGRAPHY COUNTS**

Comes now the United States of America, by and through Conner Eldridge, United States Attorney for the Western District of Arkansas, and for its sentencing memorandum addressing the Government's single objection the Pre-Sentence Report involving the grouping of production of child pornography counts and states:

**Preliminary Conclusion**

On July 7, 2011, the defendant, William Cannon, in addition to other counts, entered a guilty plea on counts One and Two of Indictment, both charging the defendant with Production of Child Pornography. The criminal activity reflected in those two counts do not comprise the same harm in the current case. As such, pursuant, and United States v Kiel, 454 F.3d 818 (8th Cir. 2006), as well as the specific facts of this case, these two counts of Production of Child Pornography do not "group" by operation of subsections (a), (b), (c) of United States Sentencing Guidline (USSG) section 3D1.2.

**Procedural History**

On July 7, 2011, the Defendant plead guilty to Count 1 and Count 2, both charging Production of Child Pronography respectively and Count 3 and 4, both charging reciept of child

1

pornography respectively. On the date of the defendant's guilty plea, the Honorable Judge Jimm Larry Hendren ordered that a Pre-sentence investigation be completed. On December 8, 2011, Probation Officer Michael Scott completed and issued the Pre-sentence Report (hereinafter PSR) in this case. As reflected in paragraph 42 of the PSR, the video recorded by the defendant in Count One "date and time stamped November 16, 2005, between 12:58AM and 1:28AM, [depicts the victim] exposing her breasts to the camera while dancing to music and wearing a strap-on dildo. As the segment continues, [the victim] removes her shirt and bra and was observed in engaging in sexual contact with an adult female..." As reflected in paragraph 43 of the PSR, the video comprising the basis for Count Two "date and time stamped November 16, 2005, between 8:41AM and 8:42 AM, [depicts the victim] laying on her back completely nude exposing her breasts and genitalia. Cannon is heard instructing [the victim] *roll over and let me see your butt*. [The victim] replied, *no you cut it.* Cannon was then heard stating, *that's what I want to see b\*tch, roll the fu\*k over*. [The victim] is then observed rolling over and a small cut could be seen on her buttocks."

As currently reflected in the PSR, these two Counts were "grouped together into a single group of closely relalted counts purusant to USSG section 3D1.2 for purposes of guideline calculations." On December 21, 2011, the Government filed a single objection, stating that Counts 1 and Counts 2 should NOT be considered substantially the same harm for grouping purposes under USSG § 3D1.2. In response, the defendant filed his objections to the PSR later the same day, which included a response to the Government's objection stating that while grouping of the two counts pursuant to 3D1.2(d) is expressly not possible, that fact does not foreclose the grouping of count 1 and 2 pursuant to 3D1.2, subsections (a), (b), or (c), which is proper in this case.

**Law**

USSG § 3D1.2 states that "all counts involving substanitally the same harm shall be grouped togethr into a single Group. Counts involve substantially the same harm within the meaning of this rule: (a) when the counts involve the same victim and the same act or transaction, (b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan, (c) when one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts..[or subsection (d) listing specific guidelines that are not to be grouped.]"

At present, the defendant in his PSR objections contends, and the government concedes, that in general, the express listing of a particular guideline provisions under 3D1.2(d) does not prohibit the Court from considering grouping of guideline provision under the other subsections (a),(b), or (c)of 3D1.2. (*see* United States v McCraney, 612 F.3d 1057, 1067 (8th Cir. 2010)). However, specifically with respect to Production of Child Pornography offenses, the Eighth Circuit has addressed this exact issue in United States v Keil, 454 F.3d 819 (8th Cir. 2006). In Keil, the defendant pleaded guilty to five Production of Child Pornography counts, which entailed five separate instances of filming of two separate minor females engaged in sexually explicit conduct. (Id. at 821.). During sentencing, the defendant objected to the PSR's application of the grouping rules with respect to the five counts of child pornography maintaining that "the five counts should be grouped into two groups-one for each identified minor." (Id.). However, "[t]he district court overruled his objection and held that U.S.S.G.§ § 3D1.2 and 2G2.1 of the Guidelines make it clear that Production of Child Pornography offenses are not to be grouped..."(Id.).

Subsequently, Keil appealed, specifically challenging the districts court ruling that separate

3

Production of Child Pornography offenses on the same minor do not group under U.S.S.G. § 3D1.2. (Id.). On appeal, Kiel again maintained that the district court should have created two groups, one for each identified minor.(Id.). In addressing the issue, the Eighth Circuit upheld the district courts ruling regarding the grouping of production counts holding "the district court properly refused to group Production of Child Pornography Counts. Each time that Keil molested a child, he inflicted a separate and distinct harm upon that child; therefore, his actions cannot be considered substantially the same harm for grouping purposes under § 3d1.2." (Id. at 822). In reaching this holding, the Court of Appeals in Keil relied heavily on Application note 4 to U.S.S.G. 3D1.2, which states in part that: counts that are part of a single course of conduct with a single criminal objective and represent essentially one composite harm to the same victim are to be grouped together, even if they constitute legally distinct offenses occurring at different times. This provision *does not* authorize the grouping of offenses that cannot be considered to represent essentially one composite harm (eg. robbery of the same victim on multiple occasions involves multiple, separate instances of fear and risk of harm, not one composite harm). (Id.). Furthermore, in the 2010 case of United States v McCraney, the Eighth Circuit clarified this holding, stating with regard specifically to what the defendant was charged with, Production of Child Pornography, the Court in Keil "ultimately concluded that the defendant's offense conduct under multiple counts of conviction *could not be considered substantially the same harm for grouping purposes under 3D1.2."* United States v. McCraney, 612 F.3d 1057, 1067 (8th Cir. 2010)(emphasis added).

**Argument**

At present, the defendant pleaded guilty to two counts of Production of Child Pornography. The two counts of production are of the same minor female. However, they were produced by the defendant during two separate recordings and depict separate conduct. In applying the holding in

4

United States v Keil, it is clear that these two separate counts of production constitute separate and distinct instances of harm on the minor. As such, the two counts should not be grouped pursuant to USSG 3D1.2.

The first video produced by the defendant depicts the victim wearing a strap-on-dildo and engaging in sexual contact with an adult female. During the production of this count of conviction, the victim, and the adult female, along with two juvenile males, were all in a room as the defendant was heard operating the video recorder. Furthermore, the defendant, along with the other two males, can clearly be heard in the video encouraging the activity involving the victim and the adult female.

The second charged production is of the same victim, however this recording depicts just the lone victim and defendant, who, himself, again operates and encourages the activity amounting to the crime at bar. This recording made by the defendant shows the her lying on a bed completely nude. The camera, operated by the defendant, then focuses on the victim's genitalia. The defendant then directs the minor victim to roll over so that he could see the cut he previously made on the minors buttocks. This second video was produced by the defendant approximately eight (8) hours later than the first.

Clearly at present, the productions are not only separated by time and action, but also have a different purpose for producing. By the defendant's own words, the purpose of him producing the second video was so that he could record the cut he placed on the buttocks of the minor. Additionally, the production videos expose the minor to differnt sexual contact/conduct. Lastly, the first video produced by the defendant not only harmed the minor victim, but also the other juvenile males who were in the room at the time. As such, the conduct reflected in Count 1 and Count 2 cannot be considered one composite harm in this case.

**Conclusion**

It is the position of the Government that <u>United States v Keil</u>, 454 F.3d 819 (8th Cir. 2006), clearly holds that separate counts of production of child pornography do not, as a matter of course, represent substantially the same harm for grouping purposes. Additionally, based on the facts of this case, it is clear that the videos that comprise the two counts of production are separate instances of abuse of a minor. As such, based on the holding in Keil, as well as just the plain reading of the guidelines as applied to the facts of this case, Counts One and Count Two should not group pursuant to U.S.S.G. 3D1.2.

        Respectfully submitted,
        Conner Eldridge
        United States Attorney

        By: */s/ Dustin S Roberts*
        Dustin Roberts
        Assistant U.S. Attorney
        Arkansas Bar No. 2005185
        414 Parker Avenue
        Fort Smith, AR 72901
        479-783-5125
        E-mail Dustin.Roberts@usdoj.gov

## CERTIFICATE OF SERVICE

I, Dustin Roberts, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that on this 23rd day of January, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the following pleading to:

James Pierce, Attorney for Defendant

        */s/ Dustin S Roberts*
        Dustin Roberts
        Assistant U.S. Attorney