IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. <u>5:10 CR50108-001</u> |
| | ) | |
| WILLIAM CANNON | ) | |

### **GOVERNMENT'S SENTENCING MEMORANDUM ADDRESSING SADISTIC CONDUCT AND DEPICTIONS OF VIOLENCE PURSUANT TO USSG 2G2.1**

Comes now the United States of America, by and through Conner Eldridge, United States Attorney for the Western District of Arkansas, and for its sentencing memorandum addressing the Defendant's objection the Pre-Sentence Report (PSR) involving the inclusion of paragraph 78, which represents a four point increase in the guideline calculation because the offense material involved sadistic conduct and a depiction of violence pursuant to 2G2.1(b)(4), and states:

**Preliminary Conclusion**

On July 7, 2011, the defendant, William Cannon (hereinafter Cannon), in addition to other counts, entered a guilty plea on Counts One and Two of Indictment, both charging Production of Child Pornography. Per the PSR, the factual basis supporting Count 2 of the Indictment, Production of Child Pornography, is an approximately 1 minute 18 second video in which Cannon films a fully nude minor engaged in sexually explicit conduct. The primary focus of the production, as directed by Cannon, is the buttocks of the female in order to show a cut he made on her that was part of a sadistic blood letting or "cutting" activity. This production clearly captures a minor engaged in

sexual conduct, in order to highlight this "cutting" activity, which by its very nature is sadistic and involves a depiction of violence. As such the enhancement listed in paragraph 78 of the PSR is appropriately applied in this case, given that the depiction is one of involving the infliction of pain for sexual release, and reflects physical force and abuse.

## Procedural History

On July 7, 2011, the Defendant pled guilty to Count 1 and Count 2, both charging Production of Child Pronography respectively and Count 3 and 4, both charging reciept of child pornography respectively. On the date of the defendant's guilty plea, the Honorable Jimm Larry Hendren ordered that a Pre-sentence investigation be completed. On December 8, 2011, Probation Officer Michael Scott completed and issued the Pre-sentence Report (hereinafter PSR) in this case. Included in the production of child pornography guideline calculation is a four point increase reflected in paragraph 78, for material involving sadistic, masochistic, or other acts of violence. As reflected in paragraph 43 of the PSR, the video comprising the basis for Count Two "date and time stamped November 16, 2005, between 8:41AM and 8:42 AM, [depicts the victim] laying on her back completely nude exposing her breasts and genitalia. Cannon is heard instructing [the victim] *roll over and let me see your butt*. [The victim] replied, *no you cut it.* Cannon was then heard stating, *that's what I want to see b\*tch, roll the fu\*k over*. [The victim] is then observed rolling over and a small cut could be seen on her buttocks."

On December 21, 2011, the defendant, by and through his attorney, James Pierce, asserted, among others, an objection to the application of the four point increase for the portrayal of sadistic, masochistic, or other acts of violence, maintaining there was no factual basis supporting said

application. However, pursuant to the plain reading of the guideline provision and the below cited case law, the enhancement is rightfully applied in this case.

**Law**

USSG 2G2.1(b)(4) states that "if the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by 4 levels." The Eighth Circuit has held that "sadism" as used in the context of this enhancement means "the infliction of pain upon a love object as a means of obtaining sexual release ...[or] delight in physical or mental cruelty. United States v Wolk, 337 F.3d 997, 1008 (8th Cir. 2003) (quoting United States v Parker, 267 F.3d 839,846 (8th Cir. 2001). Further, the Court in Wolk defined violence as "the exerting of any physical force so as to injure or abuse." (Id.).

**Argument**

At present, the defendant pled guilty to two counts of Production of Child Pornography. The second Count of production is recording made by Cannon that shows the minor victim lying on a bed completely nude. The camera, operated by Cannon, then focuses on the victims genitalia. Cannon then directs the minor victim to roll over so that he could see the cut he previously made on the minors buttocks. In doing so, Cannon tells the victim to "to roll the f*ck over" so where he can focus the camera on the cut he made. Inherently, this depiction involves physical abuse and degradation on the part of the victim.

As referenced in the PSR, the investigation revealed numerous recordings of Cannon, along with the juveniles he surrounded himself with, cutting themselves for pleasure. (PSR ¶¶ 40 and 42).

In fact, Cannon wrote at length about doing this as a part of a satanic worshiping process and expressed over and over again his desire to kidnap, *cut*, and rape young boys in the community. Additionally, on the video mini-cassette that contained the two production counts, Cannon himself, along with a juvenile male, records themselves showing approximately 20 glass containers of blood to the camera while talking about the different episodes of "cutting." And, as reflected in paragraph 40 of the PSR, Cannon even video recorded himself masturbating with blood as a lubricant. Lastly, when the victim was interviewed in this case, she disclosed to law enforcement that Cannon had introduced her to "cutting." She maintained that he had cut her several times, including extensively one occasion that left a thigh length scar.

As such, it is clear that the defendant, when producing the pornographic video reflected in Count 2 of the Indictment, intended to document and highlight the sadistic harm he subjected the minor victim to endure. As the Court noted in United States v Wolk, 337 F.3d 997, 1008 (8th Cir. 2003), it was done so that Cannon could "obtain sexual release from this infliction of pain." This video clearly involved conduct that was sexually sadistic and that amounted to a degrading reflection of violence.

**<u>Conclusion</u>**

It is the position of the Government that based on the facts of this case as applied to U.S.S.G. 2G2.1(b)(4), as well as the holding in United States v Wolk, 337 F.3d 997, 1008 (8th Cir. 2003), that the four point increase for material involving sadistic conduct and acts of violence is appropriate in this case. Clearly, Cannon subjected the victim of the production of child pornography to a sexually sadistic act, that he then highlighted when producing the child pornography at issue.

Respectfully submitted,
Conner Eldridge
United States Attorney


By: /s/ Dustin S Roberts
   Dustin Roberts
   Assistant U.S. Attorney
   Arkansas Bar No. 2005185
   414 Parker Ave.
   Fort Smith, AR 72902
   479-783-5125
   E-mail Dustin.Roberts@usdoj.gov


## CERTIFICATE OF SERVICE

I, Dustin Roberts, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that on this 25th day of January, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the following pleading to:

James Pierce, Attorney for Defendant

/s/ Dustin S Roberts
Dustin Roberts
Assistant U.S. Attorney